IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TECHNOLOGY PROPERTIES LIMITED LLC and MCM PORTFOLIO LLC,<br><br>    Plaintiffs,<br><br>  v.<br><br>CANON, INC. et al.,<br><br>    Defendants.<br>_____/ | No. C 14-3640 CW<br><br>ORDER ON DEFENDANTS' MOTION FOR LEAVE TO FILE EXCESS PAGES<br><br>(Docket No. 290) |
| TECHNOLOGY PROPERTIES LIMITED LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>FALCON COMPUTER SYSTEMS, INC.,<br><br>    Defendant.<br>_____/ | No. C 14-3641 CW<br><br>(Docket No. 66) |
| TECHNOLOGY PROPERTIES LIMITED LLC and MCM PORTFOLIO LLC,<br><br>    Plaintiffs,<br><br>  v.<br><br>HEWLETT-PACKARD COMPANY,<br><br>    Defendant.<br>_____/ | No. C 14-3643 CW<br><br>(Docket No. 76) |

```
TECHNOLOGY PROPERTIES LIMITED           No. C 14-3645 CW
LLC,
                                          (Docket No. 63)
        Plaintiff,

    v.

NEWEGG INC. et al.,

        Defendants.
_____/

TECHNOLOGY PROPERTIES LIMITED           No. C 14-3646 CW
LLC,
                                          (Docket No. 72)
        Plaintiff,

    v.

SEIKO EPSON CORPORATION, et al.,

        Defendants.
_____/

TECHNOLOGY PROPERTIES LIMITED LLC       No. C 14-3647 CW
and MCM PORTFOLIO LLC,
                                          (Docket No. 68)
        Plaintiffs,

    v.

SHUTTLE, INC., et al.,

        Defendants.
_____/
```

The matter comes before the Court on Defendants' administrative motion for leave to file excess pages for their joint opposition brief on claim construction. Docket No. 290.[1] Defendants seek ten extra pages, raising the limitation from twenty-five to thirty-five pages. In support of their motion,

---

[1] Docket Numbers correspond to the docket for case number 14-3640.

2

Defendants point out that there are nine terms across three patents in dispute. Further, Defendants argue that the excess pages are necessary to provide ample space to harmonize the arguments of six separate Defendants. Finally, Defendants state that additional pages will permit Defendants to incorporate illustrations which will make their argument easier to follow, thereby assisting the Court.

Plaintiffs oppose the motion. Docket No. 295. Having considered Plaintiffs' opposition, the Court concludes that many of Plaintiffs' arguments simply carry no weight. For example, Plaintiffs argue that there is "no justification" for the increase; in fact, Defendants provided several justifications in their motion. Plaintiffs also argue that "Defendants will use some of the allotted page limit making accusatory statements about Plaintiffs rather than focusing on the merits of claim construction." The Court will not deny Defendants' motion on a prediction. Plaintiffs also make much of the fact that Defendants have had three months to file their brief. Plaintiffs' arguments to that effect ring hollow, as Plaintiffs agreed to this briefing schedule at the case management conference and several Defendants have settled in the interim, necessarily upsetting the preparation of a joint brief. Plaintiffs also argue that it would be prejudicial to grant Defendants' motion, since Plaintiffs complied with the applicable page limit in filing their opening brief. However, Plaintiffs had an available remedy, had they determined that extra pages were necessary: they could have filed a similar motion for excess pages.

In sum, Defendants justified their request and Plaintiffs' opposition has not convinced the Court that Defendants' motion should be denied.  The Court thus finds good cause and GRANTS Defendants' motion.

IT IS SO ORDERED.

Dated: April 17, 2015

CLAUDIA WILKEN
United States District Judge